Filed 7/11/16  P. v. Couch CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065595 |
| v. | (Super.Ct.No. BAF1200033) |
| TERRENCE COUCH, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky L. Dugan, Judge.

Affirmed.

Sheila Quinlan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Terrence Couch, Jr. appeals from the superior court's order denying his petition for resentencing under Proposition 47 because the court determined the value of the property he received exceeded $950.  We affirm.

1

## PROCEDURAL BACKGROUND

On January 20, 2012, the People filed a felony complaint alleging defendant received stolen property (Pen. Code, § 496, subd. (a))[1] specifically a "weed eater & air blower."

On that same date, defendant pled guilty to the charge and, per the plea agreement, the trial court placed him on probation and ordered him to spend 365 days in jail at fifty percent.

On November 14, 2012, defendant admitted violating his probation and received a two-year prison sentence.

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

On September 28, 2015, after completing his sentence, defendant filed a petition for resentencing under Proposition 47. The People filed a response, arguing defendant was not eligible for resentencing because, according to the police report, the weed eater was worth $475 and the commercial air blower was worth $500, which exceeds the limit of $950. On January 14, 2015, the trial court denied defendant's petition and stated

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

defendant could calendar for reconsideration if he had evidence that the items were worth $950 or less.

This appeal followed.

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and a potential arguable issue, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

As previously noted, Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. The passage of Proposition 47 also created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a).) If a defendant properly seeks recall and resentencing pursuant to section 1170.18, subdivision (a), the trial court must grant resentencing unless, in its discretion, it

3

determines resentencing "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

Among the crimes reduced to misdemeanors by Proposition 47, rendering the person convicted of the crime eligible for resentencing, is receiving stolen property where the property value does not exceed $950 (§ 496, subd. (a)).

Here, as the trial court concluded, the record shows defendant was ineligible for reduction of his receiving stolen property conviction to a misdemeanor because the value of the property exceeded $950.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P J.

We concur:

HOLLENHORST

J.

SLOUGH

J.

4